UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| STEVEN JOHNSON | * | CIVIL ACTION NO. 18-3286 |
|---|---|---|
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| SAFEPOINT INSURANCE CO. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Defendant SafePoint Insurance Company ("SafePoint") moves for leave to file a First Amended Affirmative Defenses and Answer. (Rec. Doc. 19). For the following reasons, the Motion for Leave to File First Amended Affirmative Defenses and Answer (Rec. Doc. 19) is GRANTED; SafePoint's First Amended Affirmative Defenses and Answer shall be entered into the record.

Background Facts

Mr. Johnson's house was destroyed by fire on or about October 14, 2017. At the time, the property was insured by SafePoint. In February 2018, SafePoint denied Mr. Johnson's claim for losses resulting from the fire on the basis of Mr. Johnson's failure to cooperate with the investigation by refusing to provide certain requested documents. The denial of claim letter also states that SafePoint was not waiving any additional policy defenses and reserved "all rights to reserve certain policy defenses at any time." Mr. Johnson filed this lawsuit in Louisiana state court against SafePoint alleging that SafePoint was arbitrary and capricious and acted without probable

cause in failing to pay his claim. On March 27, 2018, SafePoint removed the action to this Court, invoking this Court's diversity jurisdiction.[1]

The district court issued a scheduling order, which sets trial to begin on September 9, 2019. The deadline to complete discovery is June 17, 2019. The deadline to amend pleadings was December 6, 2018. On that date, SafePoint filed the present Motion for Leave to File First Amended Affirmative Defenses and Answer. Its proposed amendment supplements the Fourth Affirmative Defense. In the original answer, the Fourth Affirmative Defense referenced the applicable insurance policy and asserted "the conditions, limitations, exclusions, and coverage, all of which are pled as if copied herein, *in extenso*, citing any and all policy exclusions, provisions, qualifications, and conditions including, but not limited to, the following." It then quoted from the policy's conditions for "concealment or fraud" and "your duties after loss." The proposed amendment to the Fourth Affirmative Defense keeps this and adds a quote from the policy's exclusion for "intentional loss." Neither the original defense nor the proposed amendment provide any factual basis for asserting the policy defenses.

Law and Analysis

1. *Standard for Motion to Amend Complaint*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ.

---

[1] Mr. Johnson is a Louisiana citizen and SafePoint is a Florida citizen. Mr. Johnson also sued Richter Insurance Group, L.L.C. ("Richter"), the alleged successor in interest to People's First Insurance, and Kimberly Suzanne Cook, the alleged sole proprietor of People's First Insurance. Mr. Johnson alleged that Ms. Cook and People's First Insurance sold the SafePoint policy to Mr. Johnson and misadvised him that the losses he sustained would be covered under the SafePoint insurance policy. Richter and Cook were voluntarily dismissed. Finding Mr. Johnson was merely attempting to defeat the court's diversity jurisdiction, the court denied Mr. Johnson leave to amend his complaint to join as defendant Donald J. Calliouet, Sr., an individual Mr. Johnson had discovered to be the sole proprietor of and doing business as People's First Insurance Agency. The only defendant at this time is SafePoint.

Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Where a party seeks to amend its answer to assert a new affirmative defense, courts note that a defendant must affirmatively state its affirmative defenses in responding to a pleading to avoid waiver of the defense. See, e.g., Lachney v. O'Reilly Auto. Stores, Inc., No. 1:16-CV-00478, 2017 WL 5178773, at *2 (W.D. La. Nov. 6, 2017); Scott v. E.I. du Pont de Nemours & Co., No. CV 13-741-SDD-EWD, 2016 WL 1464565, at *3 (M.D. La. Apr. 13, 2016). As the court in Scott explained, an affirmative defense is not waived where the defendant raises the defense "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." Scott, 2016 WL 1464565, at *3 (quoting Pasco ex rel. Pasco v. Knoblauch, 566 F.3d 572, 577 (5th Cir. 2009)) (alteration in original). Courts "look at the overall context of the litigation and have found no waiver where no evidence of prejudice exists and sufficient time to respond to the defense remains before trial." Id. (quoting Pasco, 566 F.3d at 577).

In Lachney, for example, the court allowed the defendants to amend their answer to assert a new affirmative defense. 2017 WL 5178773, at *6. The court found no undue delay or prejudice

to the plaintiff where leave to amend was sought on the last day allowed by the scheduling order and where plaintiff was still able to conduct discovery on the defense in advance of trial. Id. at *4. Further, the court found the defendant's proposed amendment to add an affirmative defense was not futile. Id. at *6. The proposed amendment stated "Defendants plead the affirmative defense of sudden emergency and that they are not liable for the sudden medical emergency of [the defendant driver] that may have led to, caused or contributed to the incident forming the basis of this litigation." Id. The court found this defense contained a short description of the factual basis for the defense and was sufficient to give the plaintiff fair notice of defendants' position. Id.

*2. Parties' Arguments*

Here, SafePoint argues that the amendment should be allowed because it was timely filed and Mr. Johnson would not be unfairly prejudiced. SafePoint asserts that the fire was determined by an expert to be "incendiary in origin and . . . caused by the deliberate actions of an individual or individuals." In its memorandum in support of its motion, SafePoint explains that it has decided to raise the "intentional loss" defense now "[u]pon further consideration of the facts and law."

Mr. Johnson opposes the proposed amendment, pointing out that this is the first time SafePoint has raised intentional loss as a basis for denying coverage. Mr. Johnson notes that at his examination under oath, SafePoint inquired into the possibility of arson by an unknown third-party and whether Mr. Johnson had any enemies. Indeed, in the deposition testimony attached by Mr. Johnson, SafePoint's counsel suggests the existence of a report concluding that the fire was caused by arson. Mr. Johnson argues that he will be prejudiced by the assertion of a new coverage exclusion now because it is no longer possible to investigate the scene of the fire, which occurred over one year ago. Mr. Johnson adds that by waiting eight months after filing its original answer to assert this new defense, SafePoint is subjecting him to an unfair surprise. Mr. Johnson also

argues that SafePoint's amendment would be futile because the defense is ambiguous by merely quoting the policy language and failing to state any facts providing notice to Mr. Johnson as to whether he is being accused of intentionally setting the fire.

In reply, SafePoint explains that it decided to assert the additional defense while working on its motion for summary judgment when it realized that it should assert the intentional loss defense in case its motion for summary judgment on failure to cooperate was denied. SafePoint submits that there is no undue delay here because it filed its amendment within the court ordered deadline and, it insists, Mr. Johnson will not be prejudiced. SafePoint points out that Mr. Johnson has not explained what witnesses' memories he will be denied access to or why he would have been in a better position to investigate the fire in April 2018 when SafePoint filed its original answer as opposed to now. SafePoint argues that Mr. Johnson has long known of the possibility that it would assert arson as a defense. It says that Mr. Johnson has had access to the St. Tammany Parish Fire Department Report classifying the fire as arson and knew that the expert hired by SafePoint to examine the property had concluded that the fire was incendiary in origin. SafePoint adds that at the examinations under oath, it questioned Mr. Johnson and his wife about whether they were responsible for the fire.

SafePoint also argues that its amendment is not futile. It says that its affirmative defense need only give Mr. Johnson fair notice of the defense. It submits that while Mr. Jonson argues that the amendment is "ambiguous at best," he contradicts himself by admitting in his opposition that SafePoint's defense indicates that Mr. Johnson intentionally set the fire.

Finally, SafePoint argues that its amendment will not unfairly surprise Mr. Johnson because there are still five months to conduct discovery and nine months until trial begins. It adds that the discovery that has been conducted so far addresses SafePoint's affirmative defense of

5

intentional loss because it has provided the names of members of the St. Tammany Parish Fire District and St. Tammany Parish Sheriff's Office, and it has produced documents from the fire district. SafePoint argues that formal accusation of him was not necessary and adds that Mr. Johnson's failure to cooperate in its investigation prevented it from getting to the stage where it would have denied the claim on the basis of intentional loss.

　　*3. Analysis*

SafePoint's proposed amendment was timely filed in accordance with the court's scheduling order and, therefore, Rule 15 applies. There is no "substantial reason" to deny SafePoint's request and, instead, the court finds that justice requires the amendment be allowed. Importantly, there is no evidence of undue delay, bad faith, or dilatory motive. SafePoint has filed its amendment within the deadline provided by the court and with more than nine months until trial and more than five months to complete discovery. Although SafePoint failed to assert its defense of intentional loss at the time it filed its original answer, it has not hidden from Mr. Johnson that this could be a basis for denying coverage. In its coverage denial letter, SafePoint reserved its right to raise additional defenses. It now explains that Mr. Johnson's lack of cooperation prevented it from getting to the stage where it would have denied his claim based on intentional loss. Under the timing here, this is not an unreasonable explanation for failing to earlier assert intentional loss as an affirmative defense.

Further, the court finds that Mr. Johnson would not suffer undue prejudice or unfair surprise. Mr. Johnson has long known of the possibility that SafePoint would assert arson as a defense, that the St. Tammany Parish Fire Department classified the fire as arson, that SafePoint's expert concluded the fire was incendiary, and that the Johnsons were questioned about whether they were responsible for the fire. Furthermore, there is sufficient time to conduct discovery. And,

6

as SafePoint points out, Mr. Johnson has not explained why he would have been in a better position to investigate the fire if SafePoint had asserted this defense in April 2018 with its original answer than today. Nor has Mr. Johnson shown that testimony has been lost as a result of the delay.

Finally, the court finds that SafePoint's defense is not futile. By citing the intentional loss exclusion, SafePoint has plead that coverage defense sufficiently to put Mr. Johnson on fair notice of its position. Mr. Johnson has not complained that SafePoint's citation to the policy's provisions regarding his duties after a loss is insufficient to provide him notice of SafePoint's lack of cooperation defense. The additional defense has been raised in the same way. And as SafePoint notes, Mr. Johnson cannot credibly argue that he opposes an amendment "alleging that Plaintiff was the cause of the fire," (Rec. Doc. 25, at 4), but then argue that he does not have notice of the defense being asserted against him.

Because there has been no undue delay in Safepoint's assertion of the intentional loss defense, because Mr. Johnson would not be prejudiced by the assertion of the defense more than nine months prior to trial, and because the defense is not futile, the court finds that the amendment must be allowed.

## Conclusion

For the foregoing reasons, the Motion for Leave to File First Amended Affirmative Defenses and Answer (Rec. Doc. 19) is GRANTED; SafePoint's First Amended Affirmative Defenses and Answer shall be entered into the record.

New Orleans, Louisiana, this 7th day of January, 2019.

Janis van Meerveld
United States Magistrate Judge