# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**STEVEN JOHNSON**                                    CIVIL ACTION

**VERSUS**                                            NO: 18-3286

**SAFEPOINT INSURANCE**                               SECTION: "H"
**COMPANY, ET AL.**


## ORDER AND REASONS

Before the Court is Defendant Safepoint Insurance Company's Motion for Summary Judgment (Doc. 32). For the following reasons, the Motion is **DENIED**.


## BACKGROUND

This insurance dispute arises out of Defendant Safepoint Insurance Company's ("Safepoint") denial of Plaintiff Steven Johnson's claim seeking reimbursement for financial losses he suffered as a result of a house fire in Slidell, Louisiana. The fire occurred at Johnson's rental property on October 14, 2017. At the time of the fire, Johnson had an active homeowner's insurance policy with Safepoint that included coverage for fire losses. Plaintiff timely filed a claim with Safepoint for the losses caused by the fire. Safepoint then commenced an investigation of Johnson's claim.

Safepoint uncovered evidence during its investigation suggesting that the fire at Johnson's property had been set intentionally. Because Johnson's

insurance policy excluded coverage for damage caused by fires set by Johnson, Safepoint focused its investigation on determining whether either Steven Johnson or his wife Sandra Johnson had any part in causing the fire at the Slidell rental property. Several months into the investigation, the Johnsons informed Safepoint that they would not "provide any further items in this matter" and that if Safepoint did not promptly adjust their claim, "suit [would] follow shortly thereafter."[1] Safepoint responded by denying Steven Johnson's claim on the ground that no coverage was owed because Johnson breached the "cooperation clause" in his insurance policy.

Following Safepoint's denial of Johnson's claim, Johnson filed this bad faith insurance suit in Louisiana's 22nd Judicial District Court in St. Tammany Parish. The suit initially named Safepoint, Richter Insurance Group, L.L.C. ("Richter"), and Kimberly Cook as Defendants. After the suit was removed to this Court, Johnson voluntarily dismissed Richter and Cook, leaving Safepoint as the only Defendant.

On February 5, 2019, Safepoint filed the instant Motion for Summary Judgment. Safepoint seeks a ruling from this Court that it owes nothing to Johnson because he breached the cooperation clause of his insurance policy. Johnson opposes the Motion on the ground that genuine issues of material fact exist regarding whether the cooperation clause was breached. He also argues that other factual disputes in this case should preclude summary judgment.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[1] Doc. 32-3 at 58.

to judgment as a matter of law."[2] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[3] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[5] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[6] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[7]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[8] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[9] Additionally, "[t]he mere argued

---

[2] FED. R. CIV. P. 56.

[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[4] Id. at 248.

[5] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

[6] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[7] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[8] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[9] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

existence of a factual dispute will not defeat an otherwise properly supported motion."[10]

## LAW AND ANALYSIS

"Under Louisiana law, an insured's compliance with the provisions of an insurance policy is a condition precedent to recovery."[11] Here, Plaintiff Johnson's insurance policy with Defendant Safepoint contained a cooperation clause that obligated Johnson to "as often as [Safepoint] reasonably require[s] . . . provide [Safepoint] with records and documents [that Safepoint] request[s]" during an investigation into a loss claim.[12]

"A cooperation clause protects the insurer against fraud by enabling it to obtain relevant information concerning the claimed loss while the information is fresh."[13] "But [a] cooperation clause is not merely an 'escape hatch' that an insurer may use when an insured fails to comply with trivial policy requirements."[14] "Instead, a failure to cooperate precludes recovery when the insured engages in a 'protracted, willful, and apparently bad faith refusal' to comply with a cooperation clause."[15] "Whether [a] cooperation clause has been breached is a serious matter, and the dismissal of a suit before trial based on the breach of a cooperation clause has been described as a 'draconian remedy which courts do not favor.'"[16]

---

[10] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[11] Placencio v. Progressive Paloverde Ins. Co., No. 6:17-01433, 2019 WL 348799, at *5 (W.D. La. Jan. 28, 2019) (citing LeBlanc v. Davis, 223 So. 2d 862, 864 (1969)).

[12] Doc. 32-3 at 15.

[13] *Placencio*, 2019 WL 348799, at *5 (citing Johnson v. Geovera Specialty Ins. Co., 657 F. App'x 301, 304 (5th Cir. 2016)).

[14] *Id.* (citing Kerr v. State Farm Fire & Cas. Co., 934 F. Supp. 2d 853, 857 (M.D. La. 2012)).

[15] *Id.* (citing Southern Fidelity Ins. Co. v. Martin, No. 13-0496, 2013 WL 6665579, at *8 (E.D. La. Dec. 17, 2013) (Brown, J.)).

[16] *Id.* (quoting *Kerr*, 934 F. Supp. 2d at 857–58; *see* Lee v. United Fire & Cas. Co., 607 So. 2d 685, 685 (La. App. 4 Cir. 1992) (describing granting of summary judgment based on

"An insurer seeking the dismissal of a lawsuit on a motion for summary judgment based on the insurer's alleged failure to comply with the policy's cooperation clause must meet a heavy burden and clearly demonstrate noncompliance by the insured."[17] To succeed, "[t]he insurer must demonstrate that it (1) made a diligent effort to obtain the information requested from the insured, and (2) that the failure of the insured to provide such information was both material and prejudicial."[18] The Court's inquiry into whether breach occurred is a factual one.[19] "[A] valid dispute concerning whether the insured breached the policy's cooperation clause will preclude summary judgment in the insured's favor."[20]

The undisputed record shows that Steven and Sandra Johnson collectively participated in several days' worth of examinations under oath conducted by Safepoint's representatives. During these sessions, the Johnsons answered numerous questions regarding their finances, employment histories, and other personal matters. The fact that the Johnsons failed to produce some documents requested by Safepoint and ultimately quit cooperating altogether does not necessarily show that Plaintiff breached his cooperation clause. Cases cited for support by Safepoint are distinguishable because they involved insureds who failed to submit to even a single examination under oath or "EUO."[21]

---

plaintiff's failure to comply with cooperation clause as "a draconian remedy which we do not ordinarily favor")).

[17] *Id.*

[18] *Id.*

[19] *Id.* at *6 (citing Breaux v. Cozy Cottages, LLC, 151 So. 3d 183, 190 (La. App. 3 Cir. 2014)); *see* Copelin v. State Farm Ins., No. 06-4115, 2009 WL 361088, at *5 (E.D. La. Feb. 12, 2009) (Lemelle, J.); Freyou v. Marquette Cas. Co., 149 So. 2d 697, 699–700 (La. App. 4 Cir. 1963).

[20] *Placencio*, 2019 WL 348799, at *6.

[21] *See* State Farm Mut. Auto. Ins. Co., No. 12-1607, 2013 WL 2156328, at *10 (E.D. La. May 17, 2013) (Brown, J.) ("It is also undisputed that Plaintiff did not participate in an EUO, which was rescheduled on four separate occasions."); Beasley v. GeoVera Specialty Ins. Co.,

Viewing the record in the light most favorable to Johnson, it appears that the Johnsons produced most of the records they had access to following Safepoint's lengthy demand letter seeking detailed records dating back several years.[22] At this stage of the proceedings, Defendant Safepoint has failed to show that no genuine dispute of material fact remains as to whether Plaintiff Johnson breached the cooperation clause in his insurance policy.[23] Accordingly, summary judgment is inappropriate at this time.

## CONCLUSION

For the foregoing reasons, Defendant Safepoint's Motion is **DENIED**.

New Orleans, Louisiana this 2nd day of May, 2019.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

No. 13-395, 2015 WL 2372328, at *4 (E.D. La. May 15, 2015) (Fallon, J.) ("[I]t is evident that Plaintiffs breached the cooperation clause when they refused to submit to the EUO after rescheduling the EUO four times.").

[22] *See* Doc. 32-3 at 43–48.

[23] *See Placencio*, 2019 WL 348799, at *8 (denying summary judgment sought based on alleged breach of cooperation clause even where insured failed to provide material documents in insurer's investigation into claim); Jackson v. State Farm Fire & Cas. Co., No. 06-7202, 2010 WL 724108, at *10 (E.D. La. Feb. 22, 2010) (Vance, C.J.) ("[T]he fact that plaintiffs made numerous submissions of documents, and that they eventually exchanged their contractor's estimate, creates a genuine issue of material fact as to whether they materially complied with the cooperation clauses."); Swank v. Scottsdale Ins. Co., No. 10-61, 2010 WL 2609371, at *5–6 (W.D. La. June 25, 2010) (denying summary judgment sought based on alleged breach of cooperation clause where insurer made ambiguous and onerous document production requests in its investigation into the insured's claim).